UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE VINSON KNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>MARION E. SPEARMAN,<br><br>Defendant. | No. 2:19-cv-01183 TLN GGH P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Upon review of the petition, it appears plaintiff is seeking to set forth civil rights claims pursuant to 42 U.S.C. § 1983 instead of a habeas action. For the reasons stated below, the undersigned will grant plaintiff leave to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

*In Forma Pauperis Application*

The filing fee for civil actions is $400. Here, plaintiff has not filed an in forma pauperis

////

////

1

affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

***Screening of Prisoner Complaint***

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

*Complaint*

On February 12, 2018, plaintiff was transferred from California State Prison Sacramento to California State Prison Substance Abuse Treatment Facility. ECF No. 1 at 14. Plaintiff states that "upon issuance of my approved personal property by correctional officer C. Reveles, it was discovered that my ex-cellmate Steven Ivory C99567 compact discs were mixed with my property and we never had the opportunity to separate the properties that were mixed by" the officers in California State Prison Sacramento. Id. at 14-15. Plaintiff states that he was only issued 10 compact discs from the 32 listed and Officer Reveles told plaintiff he would return the remaining 22 compact discs to California State Prison Sacramento to plaintiff's ex-cellmate, Steven Ivory ("Ivory"). Id. at 15. Plaintiff states Ivory is the rightful owner of the remaining compact discs. Id. at 43. Plaintiff states the discs were never returned to Ivory and instead were wrongfully kept by Officer Reveles.

Plaintiff states he filed administrative appeals about the issue. Plaintiff's first appeal was cancelled because plaintiff was filing an appeal on behalf of another person. See id. at 20 ("Your appeal has been cancelled pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(5). The appeal is submitted on behalf of another person.") Plaintiff filed a second appeal that was returned because it was determined that plaintiff had been "attempting to submit an appeal that has been previously cancelled." See id. at 21 (Plaintiff was further warned of

3

potential appeal restrictions due to misuse of the appeals process. ("Pursuant to CCR 3084.4 you are advised that this is considered misuse or abuse of the appeals process. Repeated violations may lead to your being placed on appeal restriction as described in CCR 3084.4(g).")) Thereafter, plaintiff's third appeal was cancelled because it had exceeded the time limits to submit an appeal regarding the cancellation of his first appeal. See id. at 33.

Plaintiff states three claims in his complaint: (1) "deprivation of the right to petition the government for redress of inmate grievances through unlawful grievance cancellations and screen outs;" (2) "Officer C. Reveles misappropriated inmate personal property" by failing to return the 22 compact discs to plaintiff's ex-cellmate Ivory and "making petitioner accountable for them" because plaintiff will have to pay for the discs in the future and (3) "impending meaningful access to court through chilling effect" and "threats of sanctions where no abuse of appeals process occurred." ECF No. 1 at 14-18, 43-44, 45-46. Plaintiff seeks monetary damages, injunctive and declaratory relief.

*Discussion*

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

In its current form, it appears that plaintiff is alleging violations arising from the confiscation of 22 compact discs in plaintiff's possession that belonged to another inmate. Plaintiff cannot maintain a suit challenging the alleged violations of another inmate's constitutional rights, only his own. See Sullivan v. Macomber, No. 2:16-CV-0526 DB P, 2017 WL 4699979, at *5 (E.D. Cal. Oct. 19, 2017) (citing Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) ("an inmate cannot bring a denial-of-access claim on behalf of another inmate who is able

4

to bring such a claim in his or her own name"); Reynoldson v. Shillinger, 907 F.2d 124, 125 (10th Cir. 1990) ("to the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed" (citation omitted)); Newsom v. Norris, 888 F.2d 371, 381 (6th Cir. 1989) ("a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners"); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981) ("[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (Citations omitted.))).

Moreover, it also appears from the face of the complaint that plaintiff is seeking to allege a First Amendment claim due to receiving threats of disciplinary sanctions should he continue to file grievance appeals. See Rhodes v. Robinson, 408 F3d 559, 568-69 (9th Cir. 2005). Although, this claim is properly brought in a § 1983 complaint, the entirety of the complaint fails to comply with the requirements of Fed. R. Civ. P. 8(a)(2). Accordingly, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

*Amending the Complaint*

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's *own* constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

2. Plaintiff's petition (complaint) is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and a blank form complaint for civil rights claims brought pursuant to 42 U.S.C. § 1983.

Dated: August 19, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE